UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS M. BELL,

    Plaintiff,

    v.                                  Case No. 3:13-cv-1951-ST

LAVOR BURTON and PARAMOUNT        FINDINGS AND
PICTURE,                                      RECOMMENDATION

    Defendants.

STEWART, Magistrate Judge:

    Plaintiff, Thomas M. Bell ("Bell"), has filed a *pro se* Complain against two defendants, Lavor Burton at Paramount Picture Studio and Paramount Picture Studio, both in Hollywood, California. The handwritten portions of the Complaint are nearly illegible, and the gravamen of the claims is nearly impossible to ascertain. In his three claims, Bell refers to lost or damaged dental crowns and a need for replacement or a total implant. By way of relief, he appears to request full payment of $55,000 for dental care. For the reasons set forth below, the Complaint should be dismissed for lack of jurisdiction.

## STANDARDS

    "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*,

1 - FINDINGS AND RECOMMENDATION

505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal
>     (i)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In order to state a claim, a complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 US 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F3d 338, 341 (9th Cir 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*, quoting *Erickson v. Pardus*, 551 US 89, 94 (2007) (*per curiam*).

///

**FINDINGS**

I.  **Procedural Deficiencies**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). "Each averment of a pleading shall be simple, concise and direct." FRCP 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F2d 635, 640 (9th Cir 1988).

Although Bell has used the form Complaint provided by this court to *pro se* litigants, it is largely incomprehensible. He has not properly completed the blank areas. He not only lists one of the defendants as the plaintiff, he also fails to state any basis for federal question jurisdiction, the state of citizenship of each party, or any facts supporting each claim. Because Bell's Complaint fails to comply with the requirements of FRCP 8, it should be dismissed.

II. **Substantive Deficiencies**

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992).

Jurisdiction may be based on a federal question which requires the plaintiff to plead that a defendant has violated a federal law or provision of the United States Constitution. 28 USC § 1331. Alternatively, jurisdiction may be based on diversity which requires that all parties to an

3 - FINDINGS AND RECOMMENDATION

action be "citizens of different states" and that the amount in controversy exceed $75,000.00. 28 USC § 1332(a). A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001).

As a basis for jurisdiction, Bell has checked the boxes on page 2 of the form Complaint for both federal question and diversity of citizenship. However, Bell has not alleged what federal law or constitutional provision that either defendant has violated. Although Bell lists his address in Portland, Oregon, and alleges that both defendants reside in Hollywood, California, he fails to allege their citizenship or any facts supporting diversity jurisdiction and, in any event, alleges damages which fail to reach the $75,000 threshold. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

### III.   Dismissal Without Prejudice

Before dismissing a *pro se* complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F2d 621, 623-24 (9th Cir 1988). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Id* at 623; *Lopez v. Smith*, 203 F3d 1122, 1130-31 (9th Cir 2000).

It is far from clear that Bell's Complaint can be cured by amendment. This is not the first time that he has filed a Complaint which has been dismissed. In *Bell v. Oregon National Guard*, Case No. 3:12-cv-01689-AC, the court initially dismissed his initial handwritten complaint for failure to state a claim without prejudice, dismissed his amended complaint without prejudice, and finally dismissed his second amended complaint with prejudice for failing to cure the noted deficiencies. The Complaint in this case suffers from the same deficiencies. However, it is not

yet clear that its deficiencies are incapable of being cured by amendment.  Therefore, dismissal should be without prejudice with leave to file an amended complaint.

## RECOMMENDATION

For the reasons set forth above, the Complaint should be DISMISSED for failure to state a claim and for lack of jurisdiction without prejudice and with an opportunity to file an amended complaint within a specified time period.

Plaintiff should be advised that his amended complaint must specifically include:  (1) the specific statute or constitutional provision that defendants have allegedly violated; (2) the specific conduct by each defendant that is allegedly unconstitutional or otherwise in violation of his rights; and (3) the dates on which the conduct allegedly took place.  Plaintiff also should be advised that the amended complaint will operate as a complete substitute for the present Complaint, not as a supplement, and that his failure to file an amended complaint will result in the dismissal of this proceeding.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Friday, November 22, 2013, and the Findings and Recommendation will go under advisement on that date.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a final Judgment.

DATED November 5, 2013.                                  s/ Janice M. Stewart
                                                         _____
                                                         Janice M. Stewart
                                                         United States Magistrate Judge